# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    **INDICTMENT**

**WILLIAM JARED BRESKI**                    4:26cr10-RH

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about July 10, 2025, and on or about July 22, 2025, in the Northern District of Florida and elsewhere, the defendant,

**WILLIAM JARED BRESKI,**

using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, and entice, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO

Between on or about July 10, 2025, and on or about July 22, 2025, in the Northern District of Florida and elsewhere, the defendant,

**WILLIAM JARED BRESKI,**

RCV'D USDC FLND TL
FEB 3 '26 PM1:34

did knowingly attempt to transfer, by means of interstate commerce, obscene matter to another individual who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.

In violation of Title 18, United States Code, Section 1470.

## COUNT THREE

Between on or about July 10, 2025, and on or about July 22, 2025, in the Northern District of Florida and elsewhere, the defendant,

**WILLIAM JARED BRESKI,**

being required under the laws of the United States and the State of Florida to register as a sex offender, did commit a felony offense involving a minor under Title 18, United States Code, Section 2422(b), as charged in Count One of this Indictment, and Section 1470, as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Section 2260A.

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2428. From his engagement in the violation alleged in Count One of this Indictment, the defendant,

**WILLIAM JARED BRESKI,**

2

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, all of his interest in:

A.    Any property, real or personal, used or intended to be used to commit or facilitate the commission of the violation alleged in Count One of this Indictment; and

B.    Any property, real or personal, constituting or derived from any proceeds traceable to, or proceeds obtained directly or indirectly as a result of, the violation alleged in Count One of this Indictment.

C.    If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of the Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2428(2), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property described above.

## OBSCENITY FORFEITURE

The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 1467.  From his engagement in the violation alleged in Count Two of this Indictment, the defendant,

## WILLIAM JARED BRESKI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1467, all of his interest in:

A.    Any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 71;

B.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense alleged in Count Two of this Indictment; and

C.    Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offense alleged in Count Two of this Indictment.

4

D.     The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      i.     cannot be located upon the exercise of due diligence;

      ii.    has been transferred or sold to, or deposited with, a third person;

      iii.   has been placed beyond the jurisdiction of the Court;

      iv.   has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1467(b),

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

FOREPERSON

2|3|26
DATE

JOHN P. HEEKIN
United States Attorney

JUSTIN M. KEEN
Assistant United States Attorney

6